IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH ZOPPI,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **PROFORM TRADING LLC,** a Utah company, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Joseph Zoppi ("Plaintiff Zoppi" or "Zoppi") brings this Class Action Complaint and Demand for Jury Trial against Defendant Proform Trading LLC ("Defendant" or "Apiary Fund") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to cellular telephone numbers *without consent*. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Zoppi, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Joseph Zoppi is a resident of Madison, New Jersey.

2. Defendant Apiary Fund is a Utah registered company headquartered in Lindon, Utah. Defendant Apiary Fund conducts business throughout this District and throughout the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.     This Court has personal jurisdiction and venue is appropriate over the Defendant because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed to this District by the Defendant in connection with the business Defendant conducts in this District.

## INTRODUCTION

5.     As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7.     By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10.    According to online robocall tracking service "YouMail," 4.0 billion robocalls were placed in January 2021 alone, at a rate of 129.6 million per day. www.robocallindex.com (last visited Feb. 2, 2021).

11.    The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Apiary Fund is a trading firm that provides training to consumers who want to become Forex traders.[3]

15. Apiary Fund is a d/b/a of Proform Trading.[4] Apiary uses their trade name on their website and when making solicitation calls.

16. Apiary Fund is a for-profit company that charges its users $97 per month, with additional account upgrade options.[5]

17. Apiary Fund uses telemarketing to solicit potential customers for their paid services.

18. Apiary Fund calls consumers with a pre-recorded voice message without first obtaining the consumer's prior express written consent.

19. Consumers are complaining about receiving unwanted pre-recorded telemarketing calls from Defendant Apiary Fund, including:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/apiary-fund/about/
[4] https://secure.utah.gov/bes/displayDetails.html - "Proform Trading"
[5] https://toptradereviews.com/apiary-fund-review/

- 
- "Trying to [recruit] traders for currency"[7]
- "This call is from the Apiary Fund/group"[8]
- "Quit Apiary over a year ago and they keep calling! Scam. They never leave you alone!"[9]

20. Some consumers have even posted to the internet the exact same pre-recorded voice message call that Plaintiff received from Defendant from the same phone number Plaintiff received the call from Defendant:

---

[6] https://www.facebook.com/apiaryfund/reviews/?ref=page_internal
[7] https://800notes.com/Phone.aspx/1-975-230-4170
[8] https://us.shouldianswer.net/phone-number/8012179015
[9] https://us.shouldianswer.net/phone-number/8012179015

4



21. In response to these calls, Plaintiff Zoppi files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF ZOPPI'S ALLEGATIONS**

22. On January 25, 2021 at 7:23 PM, Plaintiff Zoppi received an unsolicited call from Defendant to his cell phone, from phone number 801-854-7986.

---

[10] https://directory.youmail.com/directory/phone/8018547986

5

23. Plaintiff did not answer this call but the Defendant left a pre-recorded voicemail that the Plaintiff listened to, which stated:

> "Hi, this is Nate Allred with the Apiary Fund. I'm sorry I missed you, but, Shawn Lucas wanted me to reach out to you because he knew that you'd wanted to learn how to trade for an income. So, he wanted me to invite you to our trading for income boot camp where we'll do just that: trade for an income. Now, because we will be focusing on making a consistent daily income, we're also going to be funding a few people who attend. It will be held March 1st through the 5th in Salt Lake City, Utah. This is an exclusive event. So to find out how to qualify, call me back at 801-854-7986. Please, leave me a message if I don't pick up and I'll get back to you as soon as I can. Thanks and have a great day."

24. Based on an investigation conducted by Plaintiff's attorneys, when 801-854-7986 is called back, an automated system identifies the company as Apiary Fund.

25. The website for Apiary Fund shows that Shawn Lucas, referenced in the voicemail, is the Head Trader and founder of Apiary Fund, and Nate Allred, the person who recorded the pre-recorded message, is a Trader and Strategy Coach with Apiary Fund:



[11]

26. Plaintiff has not had a relationship with Apiary Fund in the last 4 years.

---

[11] https://apiaryfund.com/about/

27. Plaintiff did not provide Apiary Fund consent to place pre-recorded calls to his cell phone number when he did have a relationship with Apiary, and definitely not to 4 years after he terminated his Apiary Fund account.

28. Plaintiff has not been looking to do more business with Apiary Fund since his account was terminated.

29. The unauthorized solicitation telephone call that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Zoppi in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

30. Seeking redress for these injuries, Plaintiff Zoppi, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

31. Plaintiff Zoppi brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using a pre-recorded voice message, and (3) for whom the Defendant claims (a) it obtained consent to call the person or the person's number in the same manner as Defendant claims it supposedly obtained consent to call Plaintiff or Plaintiff's number.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated

and/or released. Plaintiff Zoppi anticipates the need to amend the Class definitions following appropriate discovery.

33. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant placed pre-recorded voice message calls to Plaintiff Zoppi and members of the Pre-recorded No Consent Class;

(b) whether the calls were made without first obtaining prior express written consent;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Adequate Representation**: Plaintiff Zoppi will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Zoppi has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Zoppi and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Zoppi nor his counsel have any interest adverse to the Class.

36. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Zoppi.

Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Zoppi and the Pre-recorded No Consent Class)

37. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

38. Defendant Apiary Fund transmitted unwanted solicitation telephone calls to Plaintiff Zoppi and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

39. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Zoppi and the other members of the Pre-recorded No Consent Class.

40. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Zoppi and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zoppi individually and on behalf of the Class, prays for the following relief:

41. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Zoppi as the representative of the Class; and appointing his attorneys as Class Counsel;

42. An award of actual and/or statutory damages and costs;

43. An award of attorney's fees;

44. An order declaring that Defendant's actions, as set out above, violate the TCPA;

45. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

46. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Zoppi requests a jury trial.

**JOSEPH ZOPPI**, individually and on behalf of all others similarly situated,

DATED this 10th day of February, 2021.

By: /s/ Stefan Coleman
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman *
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

10

*Pro Hac Vice motion forthcoming.*